# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| DAVID RODRIGUEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>CREDIT BUREAU OF SANTA MARIA,<br><br>        Defendant. | CV 15-05105 TJH (AGRx)<br><br>Order<br><br>JS-6 |

      The Court has considered Defendant's motion for summary judgment, together with the moving and opposing papers.

      In a motion for summary judgment, when the nonmoving party has the burden of proof at trial, as Plaintiff has here, summary judgment should be granted when the nonmoving party fails to produce evidence to establish a *prima facie* case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Therefore, Plaintiff has the burden of establishing a *prime facie* case that Defendant's collection letter violated the Federal Debt Collection Practices Act ["FDCPA"] and the Rosenthal Fair Debt Collection Practices Act ["Rosenthal Act"], Cal. Civ. Code §§ 1788-1788.32. However, Defendant, as the moving party, has the initial burden of pointing out to the Court that Plaintiff lacks the evidence to establish a *prime facie* case. *See Emeldi v. University of*

*Oregon*, 673 F.3d 1218, 1224 (9th Cir. 2012). Defendant has met its initial burden. Consequently, Plaintiff must establish a *prime facie* case, using admissible evidence, that Defendant's collection letter violated the FDCPA and the Rosenthal Act. *See Celotex*, 477 U.S. at 322.

To establish a *prime facie* case for violation of 15 U.S.C. §1692d of the FDCPA, which prohibits debt collectors from engaging in harassing or abusive conduct, Plaintiff must establish that Defendant's conduct did more than cause "unwanted embarrassment, inconvenience, and further expense." *Miljkovic v. Shafritz and Dinkin*, *PA*, 791 F.3d 1291, 1305 (11th Cir. 2015). Plaintiff must establish that Defendant's conduct exhibited a "tone of intimidation." *Miljkovic*, 791 F.3d at 1305. The Eleventh Circuit identified and expanded on the elements of §1692d that were not addressed by the Ninth Circuit. Specifically, the Ninth Circuit provided only a partial definition of §1692d by providing examples of behavior that "could rationally support a jury finding of harassing conduct." *Fox v. Citicorp Credit Servs. Inc.*, 15 F.3d 1507, 1516 (9th Cir. 1994). But, beyond that example, the Ninth Circuit has not provided any guidance for defining conduct that qualifies as harassment or abusive conduct. Here, *Miljkovic* is instructive because it defined both the harassment and abuse elements of §1692d, and provided a more thorough definition.

To establish that the letter was harassing and abusive, Plaintiff provided declarations that the language in Defendant's collection letter implied he was a deadbeat. Plaintiff, also, declared that Defendant's letter intimidated him because it implied that Plaintiff did not pay his debt and "can't face reality." Here, the language in the letters did not create a "tone of intimidation." *See Miljkovic*, 791 F.3d at 1305. Further, any embarrassment or guilt that the collection letter caused Plaintiff does not establish a *prime facie* case of harassing or abusive conduct. Therefore, Plaintiff has not established a *prime facie* case that Defendant's collection letter violated §1692d of the FDCPA.

To establish a *prime facie* case for violation of 15 U.S.C. § 1692e(10) of the

FDCPA, which prohibits debt collectors from using false or misleading representations, Plaintiff must establish that Defendant's collection letter, "can be reasonably read to have two or more different meanings, one of which is inaccurate." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011). In considering whether the letter was misleading, the Court must apply the least sophisticated debtor standard to determine whether the least sophisticated debtor would believe the letter to be misleading. *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007). This standard is lower than the reasonable debtor standard, and is focused on protecting consumers who are of below average sophistication or intelligence, uninformed, or naive. *Gonzales*, 660 F.3d at 1061-1062. While the least sophisticated debtor is expected to be reasonable and have a basic understanding and willingness to read with care, debt collectors are not liable for bizarre, idiosyncratic, or peculiar misrepresentations. *Gonzales*, 660 F.3d at 1062.

Applying the least sophisticated debtor standard, Plaintiff did not establish a *prime facie* case that the letter made false or misleading representations. Plaintiff argues that the language in Defendant's letter was deceptive because it implied that he could not face his financial obligations. However, Defendant's letter did not contain any statements that were inaccurate or could be reasonably read to have multiple meanings. *See Gonzales*, 660 F.3d at 1062

To establish a *prime facie* case for violation of 15 U.S.C. §1692f of the FDCPA, which prohibits debt collectors from using unfair or unconscionable practices to collect any debt, Plaintiff must establish that Defendant's collection letter, "[was] deceptive or unfair," "[had] the tendency or capacity to deceive" or was "'unscrupulous'; 'showing no regard for conscience'; 'affronting the sense of justice, decency, or reasonableness.'" *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1200 (11th Cir. 2010). Again, the Court must apply the least sophisticated debtor standard to this claim. *LeBlanc*, 601 F.3d 1200-01. As discussed above, the Eleventh Circuit's definition of the elements of §1692f is more thorough than the Ninth Circuit's

definition. *Wade v. Regional Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1996).

Applying the least sophisticated debtor standard, the letter was not unfair or unconscionable. *See LeBlanc*, 601 F.3d at 1200. The letter was not deceptive because it merely relayed information regarding Plaintiffs' debt rather than providing misinformation. *See LeBlanc*, 601 F.3d at 1200.

Finally, because the Rosenthal Act derives from the FDCPA claims, summary judgment is, also, granted in favor of Defendant on the Rosenthal Act claim. *See Gonzales*, 660 F.3d at 1065.

𝕴𝖙 𝖎𝖘 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that the motion for summary judgment be, and hereby is, 𝕲𝖗𝖆𝖓𝖙𝖊𝖉.

Date: July 26, 2016

_____
𝕿𝖊𝖗𝖗𝖞 𝕵. 𝕳𝖆𝖙𝖙𝖊𝖗, 𝕵𝖗.
𝕾𝖊𝖓𝖎𝖔𝖗 𝖀𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝕵𝖚𝖉𝖌𝖊